**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:25-cv-00646-MR**

| | | |
|---|---|---|
| **RODNEY EUGENE JONES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **LESLIE COOLEY DISMUKES[1],** | ) | |
| **Secretary, North Carolina** | ) | |
| **Department of Adult Correction,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed by Rodney Eugene Jones (herein "Petitioner") pursuant to 28 U.S.C. § 2254, seeking review of disciplinary charges he received while incarcerated at a North Carolina Department of Adult Correction prison [Doc. 1 at pp. 5; 8 to 9], as well as his 2012 state court criminal judgment from Mecklenburg County, North Carolina. [Doc. 1 at pp. 7; 10]. Also before the Court are several motions filed by Petitioner: a Motion to Proceed Without

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the Secretary of the North Carolina Department of Adult Correction ("NCDAC"), is the proper Respondent.

Prepaying Fees or Costs [Doc. 3], a Motion for Evidentiary Hearing [Doc. 4], a Motion for Emergency Hearing [Doc. 6], and a Motion to Seal the Case. [Doc. 7].

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina.[2] On March 13, 2012, Petitioner was convicted in Mecklenburg County, North Carolina, of first-degree burglary, larceny after breaking and entering, and having attained habitual felon status. NCDAC Database; [Doc. 1 at 1]. Petitioner was sentenced to 151 months to 191 months imprisonment. [Id.].

The Petitioner commenced this action seeking two separate and independent forms of relief. In Grounds One and Three, Petitioner asserts the two prison disciplinary convictions he received while incarcerated at the Bertie Correctional Institution, an "A-16" offense (possession of an unauthorized cell phone) and an "A-21" offense (extortion), were unconstitutionally obtained. [Doc. 1 at pp. 5; 8-9]. In Grounds Two and Four, Petitioner alleges his habitual felon status conviction is infirm because no habitual felon indictment was ever served upon him nor is there any record

---

[2] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0218248&searchOffenderId=0218248&searchDOBRange=0&listurl=pagelistoffenderseachresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

of such indictment in the Mecklenburg County Clerk of Superior Court's office. [Doc. 1 at pp. 7; 10].

## II. STANDARD OF REVIEW

Title 28 of the United States Code, Section 2254, applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. Under § 2254, a state prisoner's claims are limited to allegations that challenge either the fact or duration of their confinement. Preisier v. Rodriguez, 411 U.S. 475, 489 (1973).

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

The Court begins by noting that this is not Petitioner's first foray into this forum as a litigant. Including this case, Petitioner has filed thirteen (13) civil actions[3] in this Court, most of them seeking to invoke the Court's habeas

[3] The case file numbers for these thirteen actions are: 5:02-cv-30-GCM; 5:02-cv-38-GCM; 1:12-cv-175-RJC; 3:14-cv-420-FDW; 3:15-cv-112-RJC; 3:15-cv-222-GCM; 1:20-cv-360-MR; 3:20-cv-614-GCM; 3:22-cv-553-MR; 3:24-cv-992-MR; 1:25-cv-57-MR; 3:25-cv-281-MR; and the present matter, 3:25-cv-646-MR. The Court takes judicial notice of the adjudicative facts contained in all these matters. Fed. R. Evid. 201(c)(1).

jurisdiction under 28 U.S.C. § 2254. Certain documents contained on the docket in some of these prior actions are relevant to the disposition of this case.[4]

### A. Claims From Different Courts

In Grounds One and Three of the petition filed in this matter, Petitioner alleges his federal due process rights were violated during his prison disciplinary proceeding at the NCDAC's Bertie Correctional Institution in the fall of 2024. For example, Petitioner asserts he "[w]as not allowed to present evidence on my behalf to prove innocence; not allowed to call or have witnesses on my behalf; [and] was not afforded counsel[.]" [Doc. 1 at 5]. In Grounds Two and Four, Petitioner appears to assert that his 2012 state conviction for having attained habitual felon status is infirm. "Found out June 2025 from Mecklenburg County Clerk Superior Court No Habitual Felon Indictment never received any Habitual Felon indictment on case whatsoever. No habitual felon indictment ever served on me or counsel; No Habitual Felon indictment on record of clerk of court whatsoever." [Id. at 7 (errors uncorrected)].

[4] For ease of understanding, documents cited from the docket in the present matter will follow the form "[Doc. X]" whereas documents cited from the docket of one of Petitioner's prior actions in this Court will follow the form "[<case file number>; Doc. X]". For example, the Clerk's Judgment from Petitioner's 2014 case would be cited as "[3:14-cv-420-FDW; Doc. 21]".

Rule 2(e) of the Rules Governing Section 2254 Cases provides that a habeas corpus petition may challenge only the judgment or judgments of a single court. In his present petition, the Petitioner is attempting to join claims regarding his judgment rendered by a Disciplinary Hearing Officer at a NCDOC prison with claims regarding his 2012 state court judgment from Mecklenburg County Superior Court. By combining allegations from two entirely separate incidents in this action, Petitioner has misjoined in one petition challenges to judgments from two unrelated courts.[5] This attempt to shortcut applicable rules of joinder is impermissible. See Bianchi v. Blodgett, 925 F.2d 305 (9th Cir. 1991) (section 2254 petition properly dismissed on the ground that it challenged state judgments of two different courts in violation Rule 2); Meyers v. Clarke, No. 7:20CV00087, 2020 WL 1892309, (W.D. Va. Apr. 16, 2020) (multiple unrelated prison disciplinary claims in one petition will result in the dismissal of the petition). Cf., Davis v. Haviland, No. 2:10-cv-1029, 2014 WL 794327, (E.D. Ca. Feb. 27, 2014) (multiple disciplinary infractions occurring on the same day and later brought before a single disciplinary hearing officer may be asserted in one 28 U.S.C. § 2254 petition).

[5] Although not courts of law, prison disciplinary hearings are the functional equivalent when judgments issued in disciplinary proceedings are challenged in habeas.

This is the second time the Petitioner has filed a § 2254 petition in violation of Rule 2(e) of the Rules Governing Section 2254 Cases. In case number 3:24-cv-992-MR, Petitioner sought to challenge numerous prison disciplinary judgments from multiple NCDAC facilities, as well as his 2012 state court judgment from Mecklenburg County Superior Court. The Court dismissed the petition in that action on March 12, 2025, for violating habeas Rule 2(e). [3:24-cv-992-MR; Doc. 16]. The Petitioner is hereby warned that any future petition he may file that violates habeas Rule 2(e) could lead the Court to impose upon him a prefiling injunction.

**B. Petitioner's Grounds Two and Four**

Despite the Petitioner's clear violation of Rule 2€, the Court will proceed to dispose of these issues because the Petitioner's claims set forth in Grounds Two and Four are dismissible on their face. In Grounds Two and Four of his present § 2254 petition, Petitioner seeks to challenge the state's habitual felon indictment, and his underlying guilty plea thereto, from the Mecklenburg County judgment. [Doc. 1 at 7; 10]. In so doing, Petitioner is improperly seeking to relitigate claims this Court previously denied and dismissed in two of Petitioner's prior habeas actions.

On July 31, 2014, the Petitioner filed a Petition for Writ of Habeas Corpus in case number 3:14-CV-00420-FDW, seeking to challenge his 2012 state

court convictions from Mecklenburg County, North Carolina, which included his habitual felon conviction. [3:14-CV-00420-FDW, Doc. 1]. In a thirty-one page decision, the Court carefully reviewed all the Petitioner's claims, found that he was not entitled to relief on any claim, and denied and dismissed his petition. [3:14-CV-00420-FDW, Doc. 20].

Thereafter, on October 13, 2022, the Petitioner filed a Petition for Writ of Habeas Corpus in case number 3:22-CV-00553-MR, seeking again to challenge his same 2012 state court convictions from Mecklenburg County. [3:22-CV-00553-MR, Doc. 1]. On November 21, 2022, the Court dismissed Petitioner's action as untimely. [3:22-CV-00553-MR, Doc. 4]. Again in this matter, pursuant to Grounds Two and Four, Petitioner is again attempting to challenge his Mecklenburg County judgment based upon "New Evidence" allegations that the habitual felon indictment was never served on him and does not exist. [Doc. 1 at 10]. The Petitioner, however, is prohibited from doing so without first obtaining prior appellate court authorization.

The Petitioner has made no showing that he has obtained permission from the Fourth Circuit Court of Appeals to bring claims challenging the same state court judgment in a second or successive habeas action stemming from his 2012 convictions from Mecklenburg County. This prior authorization requirement applies even assuming that the grounds are based upon "New

Evidence." See 28 U.S.C. § 2244(3)(A) (before a second or successive habeas action may be filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider such second or successive habeas application). Accordingly, Petitioner's claims contained in Grounds Two and Four of the petition will be dismissed as unauthorized successive claims.

### C. Petitioner's Grounds One and Three

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state inmate must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). Further, a state inmate shall not be deemed to have exhausted his state remedies if he has the right under state law to raise, by any available procedure, the question presented. Id., § 2254(c). Exhaustion requires the prisoner to present his federal claims in state court to give the state the opportunity to review and correct any alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365-366 (1995). "[T]he prisoner must 'fairly present' his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. The habeas petitioner must raise his claim before every available state court, including those courts . . . whose review is discretionary." Jones v. Sussex I State Prison, 591 F.3d 707, 712–

13 (4th Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)) (internal alterations omitted).

In a typical case, a North Carolina state inmate seeking federal habeas relief may satisfy § 2254's exhaustion requirement in one of two ways: (1) by directly appealing his judgment of conviction to the North Carolina Court of Appeals and then appealing and/or petitioning the North Carolina Supreme Court for further review; or (2) by filing a state post-conviction proceeding (a Motion for Appropriate Relief) in the appropriate trial court and then pursuing any adverse decision through the North Carolina Court of Appeals.

For a state inmate challenging a prison disciplinary conviction in habeas, however, the exhaustion procedure is a bit different. The inmate must first pursue an administrative appeal of his conviction within the NCDAC, raising any federal claims first with that agency. Thereafter, he must then institute a civil action in state superior court, and pursue his federal claims through both the North Carolina Court of Appeals, and the North Carolina Supreme Court even if such review is discretionary, to exhaust his judicial remedies. Inscoe v. Ishee, 298 N.C. App. 358, 915 S.E.2d 448 (2025); Jones, 591 F.3d at 712–13.

On April 25, 2025, Petitioner filed a § 2254 petition challenging only his two prison disciplinary convictions he received while incarcerated at the

Bertie Correctional Institution in the fall of 2024, the same two convictions he seeks to challenge in Grounds One and Three of the present petition. [3:25-cv-281-MR; Doc. 1]. The Court dismissed the petition in that action on December 2, 2025, because Petitioner failed to exhaust his state judicial remedies. [3:25-cv-281-MR; Doc. 4]. While the Petitioner had exhausted his administrative remedies,[6] he did not judicially exhaust his federal constitutional claims concerning his disciplinary convictions because he neither raised nor pursued them to completion in the appropriate state courts. "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997)).

The Petitioner offers two explanations regarding this exhaustion requirement. He first asserts that he attempted to exhaust his judicial remedies and then invites the Court to search through all his documents in an effort to find evidence of where he has done so. "Attempted to exhaust, sent in all initial documents on Habeas Petition Prior to this one, …

[6] In exhausting his administrative remedies with regard to his two disciplinary convictions, it appears that the Petitioner's conviction for his A-16 offense was vacated on administrative appeal. [3:24-cv-992-MR; Docs. 1-1 at 9; 10-1 at 1]. The Petitioner, however, alleges his federal due process claims in Grounds One and Three apply to the A-21 conviction as well.

Documents were affixed to initial Habeas Petition, no refunded by clerk, but are in court filed." [Doc. 1 at 5]. It is not the role of the Court to search through the haystack of documents Petitioner has filed to locate the one needle demonstrating his compliance with the exhaustion requirement. When challenging a prison disciplinary conviction, the burden is on Petitioner to show, if he can, that he has exhausted both his state administrative and judicial remedies.

The Petitioner next pivots to the position that he cannot exhaust his judicial remedies because "DAC does not allow prisoners to file grievances against disciplinary proceedings." [Id. at 5; 9]. In offering this justification, the Petitioner misapprehends the nature of the exhaustion requirement, as NCDAC's prison grievance policy plays no role in the exhaustion of judicial remedies. See Inscoe v. Ishee, 298 N.C. App. at 380 n.12, 915 S.E.2d at 462 n.12 ("Petitioner could have filed a complaint in superior court for judicial review of [his] prior grievances.").

By his own admission, the Petitioner has not filed a complaint in any North Carolina Superior Court to seek judicial review of his federal constitutional claims he alleges stemmed from his prison disciplinary convictions. Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims

before those claims are presented to a federal court, a state prisoner must give the state trial and appellate courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The Petitioner has failed to invoke one complete round of the state's established judicial review process in this matter, and thus his claims as stated in Grounds One and Three of his § 2254 petition are dismissed without prejudice as unexhausted.

### D. Petitioner's Pending Motions

Petitioner has filed a Motion to Proceed Without Prepaying Fees or Costs [Doc. 3]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1). The Petitioner has applied to the Court to proceed without the prepayment of fees or costs. [Doc. 3]. The Petitioner's application shows that he is incarcerated, and while he has no monthly expenses, he has no income, no assets, no cash, and no money in any accounts. [Id.]. The Court is satisfied that the Petitioner does not have sufficient funds to pay

the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis*.

The Petitioner has also filed a Motion for Evidentiary Hearing [Doc. 4], a Motion for Emergency Hearing [Doc. 6], and a Motion to Seal the Case. [Doc. 7]. The Petitioner's remaining motions shall be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, this action shall be dismissed without prejudice for lack of subject matter jurisdiction. The Court will grant the Petitioner's motion to proceed *in forma pauperis* and deny each of Petitioner's other pending motions as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's § 2254 Petition is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

2. The Petitioner's Motion to Proceed Without Prepaying Fees or Costs [Doc. 3] is **GRANTED**;

3. The Petitioner's Motion for Evidentiary Hearing [Doc. 4], Motion for Emergency Hearing [Doc. 6], and Motion to Seal the Case [Doc. 7] are all **DENIED AS MOOT**; and

4. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court is respectfully directed to substitute Leslie Cooley Dismukes, the Secretary of the North Carolina Department of Adult Correction, for the Respondent originally named in this action.

**IT IS SO ORDERED.**

Signed: September 10, 2026

Martin Reidinger
Chief United States District Judge